CE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INSTEP SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 11-cv-03947 |
| INSTEP (BEIJING) SOFTWARE CO., | ) | |
| LTD., | ) | Judge John W. Darrah |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Instep (Beijing) Software Co., Ltd. filed a motion, seeking

reconsideration of the Court's denial of its motion to dismiss, pursuant to Fed. R. Civ. P.

54(b). Defendant previously moved to dismiss the Complaint for lack of diversity

jurisdiction; this motion was denied on March 29, 2012. (Mem. Op., Dkt. No. 38.)

## BACKGROUND

The factual background of this case is fully detailed in the Court's Memorandum

Opinion and Order dated March 29, 2012. The underlying facts are as follows: Plaintiff,

InStep Software, LLC, is a software developer and licensor; Defendant is a Chinese

limited-liability joint venture, with its principal place of business in Beijing. The parties

are alleged to have entered into a Software License Agreement in 2007; however, they

could not come to terms on a renewal agreement. Plaintiff seeks a determination that the

rights and license issued to Defendant have therefore terminated. The Court determined

Defendant was a Chinese citizen for purposes of diversity; and, therefore, subject-matter

jurisdiction existed pursuant to 28 U.S.C. § 1332. The Court further found that

Defendant's argument that the dispute lacked subject-matter jurisdiction based on an arbitration clause was unavailing, because the clause requiring arbitration was not found in the Software License Agreement at issue but, rather, in a separate agreement: the Joint Venture Contract.

Defendant filed a Rule 54(b) Motion to Reconsider with Regard to Diversity and Arbitrability on April 26, 2012. Defendant argues that reconsideration of its request for arbitration is necessary because Plaintiff's Complaint seeks relief beyond a declaration regarding the Software License Agreement. (Def.'s Mot. at 2.) In addition, Defendant again argues the Complaint should be dismissed for lack of diversity jurisdiction because Defendant is a partnership and the members of its partnership are necessary parties under Chinese law. (*Id.* at 7.) Defendant further requests that limited discovery be conducted on the issue of diversity jurisdiction and be presented at an evidentiary hearing. (*Id.* at 9.)

## LEGAL STANDARD

Because the previous opinion did not dispose of this case in its entirety, Defendant's Motion for Reconsideration is reviewed under Federal Rule of Civil Procedure 54(b), which provides in relevant part: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders may be

2

revised at any time before the Court enters a final judgment. *Sims v. EGA Prods., Inc.*,
475 F.3d 865, 870 (7th Cir. 2007) ("[N]onfinal orders are generally modifiable").

"Motions for reconsideration serve a limited function: to correct manifest errors
of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit
Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal citation
omitted). Regarding the "manifest error" prong, the Seventh Circuit has explained that a
motion to reconsider is proper only when "the Court has patently misunderstood a party,
or has made a decision outside the adversarial issues presented to the Court by the parties,
or has made an error not of reasoning but of apprehension." *Bank of Waunakee v.
Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). With respect to the
second prong, the Seventh Circuit has explained that a motion to reconsider may be
appropriate if there has been "a controlling or significant change in the law or facts since
the submission of the issue to the Court." *Id.* Because the standards for reconsideration
are exacting, the Court of Appeals has stressed that issues appropriate for reconsideration
"rarely arise and the motion to reconsider should be equally rare." *Id.*

## ANALYSIS

The previously issued opinion held that Defendant is considered a Chinese citizen
for diversity purposes and, therefore, subject-matter jurisdiction exists under 28 U.S.C. §
1332. (Mem. Op. at 7.) The opinion further held that the Software License Agreement's
forum-selection clause controlled over the Joint Venture Contract's arbitration clause,
finding that the Software License Agreement was the agreement alleged to be in dispute

3

under Plaintiff's Complaint. (*Id.* at 8-9.) The opinion also held that the doctrine of *forum non conveniens* was inapplicable. (*Id.* at 10.)

In support of its reconsideration motion, Defendant first argues the Court has "misapprehended the scope of what is at issue in this case," because the relief Plaintiff seeks encompasses the language of the Software License Agreement as well as the Joint Venture Agreement. (Def.'s Mot. at 2.) Defendant argues that the Seventh Circuit's recent opinion in *Gore v. Alltel Communications, LLC*, 666 F.3d 1027 (7th Cir. 2012) (*Gore*) provides newly applicable law to govern this dispute. In *Gore*, the plaintiff entered into a service agreement with First Cellular that did not contain an arbitration clause. *Id.* at 1030. First Cellular was acquired by the defendant, Alltel; and Alltel sent the plaintiff an invoice, which included a service agreement: this invoice also incorporated a provision, requiring arbitration. *Id.* at 1030-31. The plaintiff sued Alltel, and Alltel moved to compel arbitration; this motion was denied by the District Court. *Id.* at 1032. The Seventh Circuit reversed the District Court, explaining that when two agreements exist and a plaintiff decides to bring a cause of action based on the agreement that excludes the arbitration clause, the parties can be forced to participate in arbitration only if: "(1) the clause itself is broad enough to encompass their dispute, or (2) the agreement containing the clause incorporates the other by reference." *Id.* at 1033. The Seventh Circuit found that the plaintiff's individual claims against Alltel were subject to the second agreement's arbitration clause, because the plaintiff's alleged breach of contract claim was based on both First Cellular and Alltel's "conduct in providing him wireless services." *Id.* at 1035.

4

The *Gore* opinion is distinguishable from this case on its facts. While two separate agreements exist between Plaintiff and Defendant here, the Joint Venture Agreement does not incorporate the Software License Agreement by reference. Moreover, the Joint Venture Agreement in itself is not broad enough to encompass the underlying licensing dispute. *See Gore*, 666 F.3d at 1035 (quoting *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 663-664 (7th Cir. 2002) ("the parties' deal consisted of two . . . contracts that are separate, and there is no indication that the parties intended that the terms of the Employment Agreement apply to disputes arising under the Acquisition Agreement . . . the arbitration clause cannot be read to include [Plaintiff's] claims under the Acquisition Agreement."). Therefore, nothing in *Gore* requires a reconsideration of the Court's previous ruling regarding arbitration.

Next, Defendant argues for reconsideration on the basis that the Court, relying on a misstatement by Plaintiff's expert, failed to recognize that Chinese law "does not ascribe the same meaning to the idea of a 'juridical person' as U.S. law." (Def.'s Mot. at 8.) Instead, Defendant again argues that it is a partnership and that, therefore, diversity jurisdiction is improper. Defendant again argues that its members are necessary parties under Chinese law without providing any new support for this assertion; nor does Defendant cite any recent change in the law. Having failed to raise any manifest error of law or fact or present newly discovered evidence, Defendant does not meet the standard required for the Court to reconsider its decision regarding the existence of diversity jurisdiction.

## CONCLUSION

For the reasons set forth above, Defendant's Rule 54(b) Motion to Reconsider the Court's March 29, 2012 Opinion and Order Denying Defendant's Motion to Dismiss [38] is denied; Defendant's request for limited discovery on this issue is also denied.

Date: 8-2-12

JOHN W. DARRAH
United States District Court Judge