UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSTEP SOFTWARE LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11-cv-3947 |
| INSTEP (BEIJING) SOFTWARE CO., LTD. | ) ) ) Judge John W. Darrah |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

On April 2, 2013, this Court issued an opinion granting Plaintiff InStep Software, LLC's motion for summary judgment, which sought entry of a declaratory judgment that the Software License Agreement at issue was terminated effective May 13, 2011. Defendant InStep (Beijing) Software Co., Ltd. moves for reconsideration of the summary judgment ruling and for additional clarification. The Motion has been fully briefed. For the reasons stated below, Defendant's Motion is denied.

## BACKGROUND

For a recital of the material facts, refer to the issued Memorandum Opinion and Order dated April 2, 2013. In that ruling, this Court found that the Software License Agreement was terminated effective May 13, 2011, and that the parties failed to agree to the royalty terms prior to the termination of that agreement, as required under the Software License Agreement.

Defendant filed a motion to reconsider, invoking Fed. R. Civ. P. 59(b) and 59(e). Fed. R. Civ. P. 59(b) specifically governs the time to file a motion for a new trial and, therefore, is inapplicable in this case. Accordingly, Defendant's Motion, which was timely filed under Rule 59(e), will thus be considered under that rule, which provides that "a motion to alter or amend a

judgment must be filed no later than 28 days after the entry of judgment." In particular, Defendant argues, again, that the Court should consider the putative Joint Venture Agreement and find that the Software License Agreement could terminate only upon the termination of the Joint Venture Agreement. Defendant further asserts that the Software License Agreement is not a fully integrated agreement.

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a judgment may be altered or amended where a party can clearly establish that "there is newly discovered evidence or there has been some manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). A Rule 59(e) motion is improper where the movant simply "took umbrage with the court's ruling and rehashed old arguments." *Oto*, 224 F.3d at 606. A Rule 59 motion "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *United States v. Resnick*, 594 F.3d 562, 569 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)).

Rule 59(e) motions require a lower threshold of proof than Rule 60(b) motions for relief from final judgment. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). The Seventh Circuit reviews district court rulings on Rule 59(e) motions only for abuse of discretion. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

**ANALYSIS**

*Joint Venture Agreement*

In Defendant's Motion for Reconsideration, Defendant reasserts its position that the putative Joint Venture Agreement between the parties should govern the rights of the parties under the Software License Agreement, including the termination of the Software License Agreement. To present this argument on reconsideration, Defendant quotes and refers to its original response brief to the summary judgment motion at length. However, the Court considered and rejected this argument in the previous opinion, finding that Defendant's claims that the Joint Venture Agreement "governs the relationship between Defendant and Plaintiff[ ] are unavailing." (April 2, 2013 Mem. Op. and Order at 10.) In particular, the Court noted that the Joint Venture Agreement and the Software License Agreement never incorporated the other by reference, and the parties to the two agreements were not entirely the same, therefore finding that the duties imposed upon Plaintiff by the Joint Venture Agreement were inconsequential to the analysis of the Software License Agreement. (*Id.* at 10-11.) The Joint Venture Agreement is also silent on the issue of royalties or pricing for the licensing of software. On these grounds, and because Defendant has failed to present newly discovered evidence or identify a manifest error of law or fact, there is no basis to reconsider the previous ruling under Fed. R. Civ. P. 59(e).

*Software License Agreement*

Defendant next posits the previous ruling should be reconsidered because the Joint Venture Agreement was executed after the Software License Agreement, and the Software License Agreement "called for reference to extrinsic evidence." (Mot. at 10.) However, this was also addressed by the Court when it addressed the termination of the Software License

3

Agreement and the correspondence from Plaintiff to Defendant regarding royalties and pricing. (April 2, 2013 Mem. Op. and Order at 5-6.) Once again, Defendant has not clearly established new evidence, nor has it demonstrated a manifest error, to require alteration or amendment of the Court's April 2, 2013 Memorandum Opinion and Order.

*Motion to Amend for Clarification*

Defendant finally requests that the previous decision be modified to declare "what specific relief is being granted and confirm that nothing therein is intended or should be construed to serve as a determination with regard to the party's respective obligations or interests in the Joint Venture." (Mot. at 14.) The previously issued opinion made a determination as to the claim asserted by Plaintiff, which sought a declaratory judgment that the Software License Agreement terminated on May 13, 2011. No other action or determination was requested, nor is one necessary now.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Reconsideration is denied.

Date: November 5, 2013

JOHN W. DARRAH
United States District Court Judge

4