UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INSTEP SOFTWARE LLC,                    )
                                        )
                Plaintiff,              )
                                        )        Case No. 11-cv-3947
        v.                              )
                                        )        Judge John W. Darrah
INSTEP (BEIJING) SOFTWARE CO., LTD.,    )
                                        )
                Defendant.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff InStep Software LLC ("InStep") filed a Complaint against Defendant

InStep (Beijing) Software Co., Ltd. ("InStep Beijing") on June 9, 2011. The Complaint alleges

that InStep properly terminated a Software License Agreement with InStep Beijing, but that

InStep Beijing continues to use the licensed property. (Compl. ¶¶ 5-10.) On April 2, 2013,

Plaintiff's Motion for Summary Judgment, which sought entry of a declaratory judgment that the

Software License Agreement at issue was terminated effective May 13, 2011, was granted.

Defendant appealed. The Seventh Circuit remanded the matter for a determination of whether

InStep Beijing should be treated as a corporation for the purposes of United States law. If so,

judgment on the merits should be reentered. If not, there is a lack of subject-matter jurisdiction.

On April 24, 2015, Plaintiff filed the present Motion for Summary Judgment on Subject-Matter

Jurisdiction and Reentry of Final Judgment [221]. For the reasons set forth below, Plaintiff's

Motion [221] is granted.

# LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.*

A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to the specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the responding party fails to comply with Rule 56.1, its "additional facts may be ignored, and the properly supported facts asserted in the moving party's submissions are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 606-07 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

InStep Beijing's original shareholders were Li Wenjuan and Li Xiaomin, who are still two of the main shareholders. (Pl.'s SOF, ¶ 5.) On December 12, 2005, the Beijing Municipal Bureau of Commerce approved a change of name from Beijing Huadian to InStep (Beijing) Software, Ltd. (*Id.* at ¶ 9.) On September 26, 2006, the Beijing Administration for Industry and Commerce issued a "Business License of Corporate Legal Person" to InStep Beijing, which listed the shareholders as Li Wenjuan, Li Xiaomin, and InStep Asia Limited. (*Id.* at ¶ 10.) On May 7, 2007, InStep Software purchased InStep Asia Limited's equity interest in InStep Beijing pursuant to an "Equity Transfer Agreement." (*Id.* at ¶ 11.) On July 18, 2007, the Chaoyang Bureau of Commerce issued an approval certificate for InStep Beijing, which approved the transfer of InStep Asia Limited's equity interest to InStep Software and the changes to InStep Beijing's directors, registered address, and amendments to InStep Beijing's joint venture contract and Articles of Association. (*Id.* at ¶ 12.)

## LEGAL STANDARD

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts are required to view all facts and make reasonable inferences "in the light most favorable to" the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute

as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To overcome a motion for summary judgment, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial."  *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).  The nonmovant must show "that a reasonable jury could return a verdict for the nonmoving party."  *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

## ANALYSIS

Federal district courts have jurisdiction over civil actions

> where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332(a)(2).  Corporations have "two citizenships, which 28 U.S.C. § 1332(c)(1) specifies as the jurisdiction of incorporation plus the principal place of business."  *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014).  "Only a corporation has citizenship determined independently of the investors' citizenship."  *Id.*  If a foreign entity is not treated as a corporation for the purpose of American law, the citizenship of every equity investor must be used to determine whether diversity jurisdiction exists.  *See BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) ("Unless this is treated as a corporation for the purpose of American law, we need to know the citizenship of every equity investor.").

### *Business Form*

Plaintiff argues that Defendant is a type of People's Republic of China limited liability company known as a Sino-foreign Equity Joint Venture ("EJV").  It is not disputed that

InStep Beijing is a *de jure* limited liability company. Defendant asserts that it is not an EJV. Their argument is based on the declaration of one of the shareholders, Li Xiaomin. In his declaration, Xiaomin asserts that Defendant is not a Sino-Foreign Equity Joint Venture and that the Chinese term for equity is not contained in any of the exhibits attached to Plaintiff's Third Declaration of Xu Jing. (Dkt. 235-1 ¶¶ 2-4.) A self-serving affidavit itself can defeat summary judgment but only if the affidavit "meets the usual requirements for evidence on summary judgment - including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there was a genuine issue for trial." *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004) (quoting *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003)). It is true that the exhibits in question do not contain the word "equity," but that is not necessarily dispositive.

Defendant has admitted that they are an EJV in several court documents. *See*, *e.g.*, (Answ. ¶ 4) ("Instep (Beijing) admits that it is a Chinese limited liability Sino-foreign equity joint venture"). Courts may disregard summary judgment assertions that contradict previous admissions. *See Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004) (citing *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987) ("Affidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions.")). Plaintiff also attaches several documents from the Beijing Chaoyang Bureau of Commerce that refer to InStep Beijing as an Equity Joint Venture and as governed by the Law of the People's Republic of China on Sino-foreign Equity Joint Ventures. (Dkt. 237-1, pps. 20-24.)

There is no genuine issue of material fact. Plaintiff has shown that InStep Beijing is a Sino-foreign Equity Joint Venture.

*Attributes*

The next issue is whether a Sino-foreign Equity Joint Venture has "attributes sufficiently similar to those of a corporation organized in the United States." *InStep Software LLC v. InStep (Beijing) Software Co.*, 577 F. App'x 612, 613 (7th Cir. 2014). Defendant does not challenge the substance of the Declaration of Nicholas Calcina Howson but argues that his declaration is premised on the faulty assumption that InStep Beijing is an EJV. As discussed above, InStep Beijing is an EJV. Alternatively, Defendant argues that InStep Beijing has some qualities similar to American corporations but is not equivalent to American corporations because it is not perpetual and does not have freely tradeable shares. However, the question on remand is whether InStep Beijing has *sufficiently similar* attributes to a United States corporation, not identical attributes.

"Deciding whether a business enterprise based in a foreign nation should be treated as a corporation for the purpose of § 1332 can be difficult." *Fellowes*, 759 F.3d at 788 (7th Cir. 2014) (citing *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011)). "Businesses in other nations may have attributes that match only a subset of those that in the United States distinguish a 'corporation' − a business with indefinite existence, personhood (the right to contract and litigate in its own name), limited liability for equity investors, and alienable shares, among other features − from forms such as the limited liability company, the limited partnership, and the business trust." *Fellowes*, 759 F.3d at 788. According to the Howson Declaration, EJVs have many attributes similar to those of a corporation organized in the United States. EJVs have limited liability of owners, separation between ownership and management, personhood, and separate taxation of the entity and its owners. (Howson Decl. ¶¶ 26, 28-35, 44-47, 53-55, 70-73, 75, 77).

InStep Beijing has a twenty-year term of operation and thus does not have perpetual eixstence. (Dkt. 223-1, Exhs. C-F.) However, a perpetual existence is not always a requirement of corporate existence. *See*, *e.g.*, *People ex rel. Mamer v. Wayman*, 99 N.E. 941, 944 (Ill. 1912) ("Eternal life is not an essential attribute of corporate existence, but the duration of such existence must be fixed in some way."); *Crocker v. Comm'r of Internal Revenue*, 84 F.2d 64, 65 (7th Cir. 1936) ("upon expiration of its charter, the company ceased to be a corporation *de jure*"). Further, the Joint Venture Contract allows for written applications to extend the term of existence upon resolution of the board of directors. (Dkt. 19-3, p. 12.); *see also* Law on Sino-Foreign Equity Joint Ventures (adopted July 1, 1979 at the 2nd Session of the 5th Natn'l People's Cong., amended Mar. 15, 2001 at the 4th Session of the 9th Natn'l People's Cong.), art. 13[1].

There are also restrictions on EJV shareholders' ability to sell shares. Transfer of "registered capital interests" in a "limited liability company" is subject to certain statutory restrictions. (Howson Dec. ¶ 56.) Stock ownership may be transferred freely among shareholders. Revised Company Law of the People's Republic of China (adopted October 27, 2005 at the 18th Meeting of the Standing Committee of the Tenth Natn'l People's Cong., effective January 1, 2006), art. 72. Shareholders must seek consent when selling their shares to outside parties, and current shareholders have priority to purchase the stock. *Id.* However, restrictions on selling shares are not dispositive. *See BouMatic, LLC*, 759 F.3d at 791 (noting that shares of close corporations commonly have restrictions on buying and selling).

Sino-foreign Equity Joint Ventures have attributes sufficiently similar to those of a corporation organized in the United States for the purposes of subject-matter jurisdiction.

---

[1] "In the case of an equity joint venture which has its term of operations set, the term may be extended subject to the agreement of all equity joint venture partners and the lodging of an application with the examining and approval authority six months before the expiry of the joint venture term."

*Jurisdiction*

Defendant asserts that *Fellowes* held that Chinese limited liability companies have the citizenship of each member. If this is accurate, there is no subject-matter jurisdiction. However, *Fellowes* came to that conclusion because the parties in that case agreed that the entity was "closer to a limited liability company than to any other business structure in this nation." *Fellowes*, 759 F.3d at 790. That is not the case here.

Plaintiff has shown that InStep Beijing is an EJV and that EJVs have attributes sufficiently similar to those of a corporation organized in the United States. As a corporation, InStep Beijing has citizenship independent of the investors' citizenship. Corporations are citizens of the jurisdiction of incorporation and the principal place of business. 28 U.S.C. § 1332(c)(1). As Defendant is a citizen of the People's Republic of China, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [221] is granted. Judgment on the merits is reentered; and a declaratory judgment is entered, finding that the Software License Agreement was terminated effective May 13, 2011.

Date: _____September 2, 2015_____      _____

JOHN W. DARRAH
United States District Court Judge

8